*Peery.* The deed is in the hands of the opposite party, and they should produce it etc.

*Ridgely.* Where a new law is made in the affirmative, it implies a negative. If we were obliged to produce the deed, we should have notice.

*J. Miller.* We contend this deed, under the circumstances, may be given in evidence against the party who took it. Affidavit of defendants read "do not know who has the deed" etc. This Court must decide either on the Act of Assembly or common law. Recorders have no power to put anything on their records, only agreeably to the Act of Assembly.

CHIEF JUSTICE. A majority of the Court are of opinion that the deed should go to the jury giving it such weight as it deserves, the defendant's affidavit precluding the necessity of notice. (JOHNS, J., was of opinion the deed was admissible under the Act of Assembly. RODNEY, J., *contra.* CHIEF JUSTICE gave no opinion on that point.)

## ALEXANDER PORTER v. SAMUEL SMITH.

Court of Common Pleas. New Castle. May, 1798.

*Rodney's Notes.*

*Vandyke* [for plaintiff]. *George Read* [for defendant].

Sale made by sheriff of lands of Samuel Smith (on judgment August 25, 1787, as security for payment of decree). Smith's executors claim money on a decree, May 26, 1787, £197 to Samuel and £201.9.4 to Mary. Judgment obtained by Richard Cantwell August 25, 1787, against Samuel Smith for [——][1].

Co.Litt. 344 B. Decree preference of a judgment of a subsequent date or equal to a judgment to bind assets. Prec.Ch. 86, 87. Case, *T. of Talbot,* 2 Vern. 89, 4 Burn Ecc. 454, 2 P.Wms. 621, 1 Ves. 496, 2 Eq.Cas.Abr. 501.

PER CURIAM. The decree in chancery only binds the personal, not real assets.

---

[1] Blank in manuscript.